JUL 13 2022 PM 12:25
FILED-USDC-CT-New Haven

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY TORRES,
  Plaintiff,

    v.

OFFICE OF ADULT PROBATION,
COURT SUPPORT SERVICES
DIVISION (CSSD), CONNECTICUT
SUPERIOR COURT, STATE OF
CONNECTICUT, 936 Silas Deane
Highway, Wethersfield, CT 06109;
OFFICE OF THE CHIEF COURT
ADMINISTRATOR, SUPREME
COURT BUILDING, STATE OF
CONNECTICUT, 231 Capitol
Avenue, Hartford, CT 06106;
and NICOLE GRELLA,
Probation Officer, CSSD, Office
of Adult Probation, 11 Scovill
Street, 2nd Floor, Waterbury, CT
06702
    Defendants.

Civil Action No.
3:22 CV 883 SALM

COMPLAINT

June 13, 2022

# I. JURISDICTION and VENUE

1. This is a civil action authorized by Title 42 U.S.C. Section-1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under Title 28 U.S.C. Section 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to Title 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by Title 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The District of Connecticut is an appropriate venue under Title 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

# II. PLAINTIFF

3. The plaintiff, ANTHONY TORRES, is and was at all times mentioned herein a prisoner of the State of Connecticut in the custody of

-2-

the Connecticut Department of Correction (DOC).
He is currently confined in the MacDougall-
Walker Correctional Institution (MWCI) in
Suffield, Connecticut. The plaintiff is being
released from imprisonment on June 15, 2022
after he had served his maximum sentenced
of 26-years of a 30-year sentence.
Upon his release from imprisonment he is to
begin his sentence of 35-years of probation
supervision as ordered by the state sentencing
court. The plaintiff alleges he was wrongfully
convicted in Connecticut Superior Court in
Waterbury for sexual assault based on
She Says - He Says (no forensic or other
physical evidence) allegations pursuant to
Connecticut General Statute, 53a-70.
The plaintiff, in 2013-2014, refused to
accept or participate in parole consideration
on the grounds of the wrongful conviction and
his rights to dignity under customary
international human rights laws and treaties.

## III. DEFENDANTS

4. The defendant, OFFICE OF ADULT PROBATION, COURT SUPPORT SERVICES DIVISION (CSSD), CONNECTICUT SUPERIOR COURT, STATE OF CONNECTICUT, 936 Silas Deane Highway, Wethersfield, Connecticut, is a state administrative and/or judiciary agency. This agency is legally responsible for the overall operation of the adult probation supervision of defendants who have been sentenced by the Connecticut Superior Court and they are duty bound to adhere to the Connecticut General Statutes pertaining to the probation supervision of criminal convicted offenders who have been sentenced by the state court.

5. The defendant, OFFICE OF THE CHIEF COURT ADMINISTRATOR, SUPREME COURT BUILDING, STATE OF CONNECTICUT, 231 Capitol Avenue, Hartford, Connecticut, is a state administrative and/or judiciary agency. This agency is legally responsible for the overall administrative and operational functions of the OFFICE OF ADULT PROBATION, as

- 4 -

described above, and are duty bound to adhere to the Connecticut General Statutes pertaining to the probation supervision of criminal convicted offenders who have been sentenced by the state court.

6. The defendant, NICOLE GRELLA, Probation Officer, Adult Probation Office, 11 Scoville Street, 2nd Floor, Waterbury, Connecticut, is a probation officer for the Adult Probation Office as described above.

7. Each defendant named in Paragraph 4 through 6 above are sued in their official capacity for injunctive relief only. At all times mentioned in this Complaint each defendant acted under the color of state law.

## IV. FACTS

8. The plaintiff was wrongfully in a jury trial in 1998, in the criminal case of State v. Anthony Torres, Docket No. UWY-CR-96-246948-T, Connecticut Superior Court at

Waterbury. On June 18, 1998 he was sentenced to 30-years imprisonment and 35-years of supervised probation. The conditions of the plaintiff's probation supervised probations. The conditions of the plaintiff's probation supervision as ordered by the state court is currently unknown to the plaintiff due to a prison guard theft of his trial and sentencing transcripts reported to the Department of Corrections at the Northern Correctional Institution in Somers, Connecticut. The plaintiff's recollection of the sentencing details of probation conditions are vague. Attempts to gain a duplicate copy of the transcripts have been frustrated at best.

9. On December 10, 2021, while the plaintiff was imprison at the MWCI in Suffield, he was unexpectedly called to report to the prison Visiting Room for a professional-legal visit. Upon his arrival to the Visiting Room, he was placed before a wide-screen television monitor for a fiber-optic video-conference session with NICOLE GRELLA, a probation officer based

in Waterbury, Connecticut. When GRELLA
appeared on the monitor she informed the
plaintiff that he was being discharged
from imprisonment in June 2022 and she,
GRELLA, wanted to discuss the conditions
of his probation as a convicted sex offender.
This conference lasted approximately
five-hours (9:00am - 2:00am) where the
plaintiff presented a wave of questions
concerning those conditions and provided
GRELLA with various other information
she had requested to begin the probation
supervision process to begin in June 2022.

10. Throughout the discussion the
plaintiff was placed in a state-of-shock when
he first learn the specific details of his
condition of probation. The plaintiff told
GRELLA that various conditions she
described to him were federally unconstitutional
and were in violation of customary international
human rights laws and treaties. The plaintiff
also made concrete-painsticking objections to
the unconstitutional and international human
rights laws and treaties violations that had

taken place in the state caselaw of
State v. Bruce T., 98 Conn. App. 579
(2006). The plaintiff had met Bruce T.
in prison during 1999 and had lengthy
discussions with him concerning his (Bruce T.)
alleged wrongful conviction of sexual assault
at jury trial which were exactly identical
in nature and strongely in specific detail of
the plaintiff's criminal case.


    11. In Bruce T. probation case,
upon his release from imprisonment, Bruce T.
was given an ultimatum by the probation office
to commit to an involuntary false confession
in the "sex offender group therapy" session
that he, Bruce T., had committed rape. He
was then threaten with imprisonment for violation
of probation if he did not cooperate by
falsely confessing. Immediately upon his
next "group therapy" session ordered by the
probation office, Bruce T. repeatedly declared
his innocence and wrong conviction. The
government probation office then promptly
arrested Bruce T. and threw him back into
prison under the pretext that he had committed

a Violation of Probation for refusing to falsely confess to the alleged crime he was convicted at court trial.

12. The foul practice of involuntary false confessions is a well-known program in former Communist nations in eastern Europe and parts of Asia during the Cold War period (1945-1991), and is currently being practice by the Communist government of mainland China in detaining, over time, a million Uyghurs muslim minorities in the province of Xenjiang in political indoctrination re-education (brainwashing) detention centers and prolonging their imprisonment until the Uyghurs commit to involuntary false confessions that they have committed anti-social and/or bourgeois acts or have been practicing anti-communist ideology. The brainwashing classes or group sessions by the government dictates who are released from the detention center and those who are forcefully held, indefinitely, in prison.

13. The above description in <u>Paragraph</u> <u>10</u> through <u>12</u> of <u>involuntary false confessions</u> is a brainwashing practice and/or brainwashing technique currently being utilize by the defendants upon alleged sex offender "treatment" or "group sessions"

14. During the <u>December 10, 2021</u> video-conference with <u>GRELLA</u>, the plaintiff requested a written document of the probation conditions that was being imposed upon him to begin in <u>June-2022</u>. Approximately a week later, the written conditions was delivered to the plaintiff at the <u>MWCI</u> prison. The documents received and the plaintiff's objections are listed below.

CONDITIONS OF PROBATION (JD-AP-110)
(Regarding Connecticut General Statute,
53a-29, 30, 31, 32, 33, 217c,
54-108, Public Act 11-155)
(which is also titled "Court Support
Services Division - Adult Probation")
1-Page (See Exhibit - "A")

15. On Paragraph-12 of the above-mentioned document reads:

"Submit to a search of your person, possessions, vehicle or residence when the Probation Officer has a reasonable suspicion to do so."

16. The above condition of probation as term "reasonable suspicion" to execute a search is too vague and ambiguous; whereas the door is left open for a probation officer and the police to manipulate the language to maliciously define whatever is "reasonable suspicion" to their self-serving personal favor to harass and intimidate the probationer. The plaintiff refuses to sign the document Exhibit "A".

## COURT ORDERED SPECIAL CONDITIONS
1-Page (See Exhibit - "B")

17. This document was never signed by the plaintiff, nor approved by the Connecticut General Statute and/or Connecticut Superior Court judge during the plaintiff's sentencing stage on June 18, 1998, which would of provided the plaintiff the opportunity to challenge it on direct appeal within the state and federal courts.

## PROBATION OFFICER ORDERED SPECIAL CONDITIONS
1-Page (See Exhibit - "C")

18. This document was never signed by the plaintiff, nor approved by the Conn. Gen. Stat. and/or Connecticut Superior Court judge during the plaintiff's sentencing state on June 18, 1998, which would of provided the plaintiff the opportunity to challenge it on direct appeal within the state and federal courts. Additionally, the document contains threats of unconstitutional

reprisals to the plaintiff's federally protected rights to liberty and freedom; whereas the plaintiff is being threaten with unconstitutional retaliation and wrongful/false imprisonment under the pretext of "Violation of Probation" (VOP).


SEX OFFENDER CONDITIONS OF PROBATION (JD-CR-131)(C.G.S. Sec 53a-30)
1-Page (See Exhibit-"D")


19. This document was never signed by the plaintiff, nor presented to the plaintiff's sentencing stage on June 18, 1998, which would of provided the plaintiff the opportunity to challenge it on direct appeal within the state and federal courts. The plaintiff refuses to sign such a document


20. Furthermore, the plaintiff is required by international human rights laws and treaties to execute official notice, by civil action, upon the judiciary of the United States Government

of his intent to initiate a complaint with the United Nations Human Rights Commission seeking political and economic sanctions to be surgically targeted at the United States' political subdivision — the State of Connecticut.

COMPUTER ACCESS AGREEMENT (JD-CR-143)(CGS, Sec. 53a-30(a)(17) and (b)
1 - Page (See Exhibit - "E")

21. This document was never signed by the plaintiff, nor presented to the plaintiff's sentencing stage on June 18, 1998, which would of provided the plaintiff the opportunity to challenge it on direct appeal within the state and federal courts. The plaintiff refuses to sign such a document.

22. Furthermore, the plaintiff is required by international human rights laws and treaties to execute official notice, by civil action, upon the judiciary of the United States Government of his intent to initiate a complaint with the United

-14-

Nations Human Rights Commission seeking political and economic sanctions to be surgically targeted at the United States' political subdivision - the State of Connecticut.

STATE OF CONNECTICUT - DEPARTMENT OF PUBLIC SAFETY SEX OFFENDER ADVISEMENT OF REGISTRATION REQUIREMENTS
1 - Page (See Exhibit "E")

23. This document was never signed by the plaintiff. The plaintiff refuses to sign such a document. Additionally, the document contains registration requirements and/or conditions that are in violation of customary international human rights laws and treaties. A more detail-specific claim of violations of international human rights laws and treaties will be provided to the United Nations Human Rights Commission (UNHRC) seeking political and economic sanctions to be surgically targeted the United States' political subdivision - the State of Connecticut. Any and all United

States' judiciary remedies of exhaustion involving registration requirements have been completed as published by the United States Supreme Court. Therefore, the plaintiff is authorized by international law to bypass the U.S. federal courts and present his complaint to the UNHRC for action and relief as described above.

## AUTHORIZATION TO OBTAIN AND/OR DISCLOSE PROTECTED HEALTH INFORMATION (CN-4401/1) - CONNECTICUT DEPARTMENT OF CORRECTION 1-Page (See Exhibit - "G")

24. This document was never signed by the plaintiff. The plaintiff refuses to sign such a document on the grounds that the release of medical and/or mental health records to the defendants and/or any other individual or public/private entities is a violation of the plaintiff's mandatory privacy protection rights.

ADULT SUBSTANCE USE SURVEY
(REVISED) ASUS-R by Kenneth W.
Wanberg, Author (Questionaire)
4-Pages (See Exhibit-"H")

25. The plaintiff refuses to answer any
and all of the questions contain within this
questionaire, and the plaintiff invokes his
rights not to incriminate himself.

What I Want To Work On Questionaire
(Assessments, Case Plan, Referral and
Case Management Services (4.57).
State of Connecticut-Judicial Branch,
Court Support Services Division
1-Page (See Exhibit-"I")

26. The plaintiff refuses to answer any
and all of the questions contain within this
questionaire, and the plaintiff invokes his
rights not to incriminate himself.

27. On June 6, 2022, while the plaintiff was still imprison at the MWCI in Suffeld, he was unexpectedly called to report to the prison Visiting Room for a professional-legal visit. Upon the plaintiff's arrival to the Visiting Room, he was, again, placed before a wide-screen television monitor for a fiber-optic video-conference session with NICOLE GRELLA. She immediately informed the plaintiff for the first time that he was being released from imprisonment after completing his maximum prison sentence on June 15, 2022 and placed on probation supervision for 35-years.

28. GRELLA informed the plaintiff that he was going to be transported, under custody, to the "January Center" in Uncasville, Connecticut — a sex offender evaluation facility and to be held there for a period of two-months to six-months to determine the security level of probation supervision that should be imposed upon the plaintiff.

29. The January Center is a private non-governmental organization under the parent group The Connection, Inc. based in Middletown, Connecticut, and they are under contract with the CSSD-Office of Adult Probation to provide sex offenders evaluation and/or testing to determine alleged risk factors towards the general public safety. The exact mission statement of The Connection, Inc. is currently unknown at this stage.

30. The plaintiff immediately during the video conference unequivocally and firmly objected to such involuntary detention and reminded GRELLA that he, the plaintiff, was going to be on probation status and not on parole, and that he will fully complete his maximum sentence of imprisonment. The plaintiff does not owe the State of Connecticut a single-day of imprisonment.

31. GRELLA quickly responded by verbally threatening the plaintiff that if he refused to be directly transported by the DOC from the MWCI prison on June 15, 2022 to the

to the January Center in handcuffs — he will promptly be arrested at the MWCI prison gates during his discharge and criminally charged by the Connecticut State Police under the pretext of Violation of Probation (VOP) and taken to the State Police barracks for arrest processing and arraign in Connecticut Superior Court despite the plaintiff's maximum completion of the prison sentence.

32. Pursuant to GRELLA threats upon the plaintiff, the plaintiff informed GRELLA that he will comply with her unlawful threats to be transported to the January Center, under duress and under the penalty of being VOP, arrested and placed in jail/prison if refused to comply. At no time is the plaintiff providing express consent or authorization for his transportation to or detention at the January Center and he invokes that such involuntary transportation and detention under duress of VOP, is illegal, unconstitutional and a violation of customary international human rights laws and treaties. Additionally, on June 9, 2022, the plaintiff was visited at the MWCI prison

by a "January Center" representative and the plaintiff wrote and signed an objection statement to that representative expressing that his involuntary detention at the "January Center" was criminal and unconstitutional.

33. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. The plaintiff has been and will continue to be irreparably injured by the conduct of each and every defendant named in this civil action herein unless this court grants the declaratory and injunctive relief which the plaintiff seeks. Additionally, the plaintiff reserves the right under international human rights laws and treaties to petition the United Nations Human Rights Commission for relief in the form of political, cultural and economic sanctions against the specific political and geographical area of the State of Connecticut, a subdivision of the United States Government. (A more specific-detailed claim of international human rights laws and treaties will be cited in the immediate forthcoming First Amended Complaint).

-21-

# V. LEGAL CLAIMS

Count-One: Against Each and Every
           Defendant In Their Official
           Capacities

34. The plaintiff realleges and incorporates by reference Paragraphs - 1 through 33 above.

35. The condition of probation as term by the defendants, as described specifically in Paragraph - 15 and 16 above, as "reasonable suspicion" to execute a "search" of the plaintiff's person, possessions, vehicle or residence is unconstitutionally too vague and ambiguous; whereas the language or term is left open for a probation officer and/or the police to maliciously manipulate its actual legal meaning in a deceitful and self-serving manner to facilitate harassment and/or their intimidation of the plaintiff, including the framing-planting of evidence to execute a false arrest. The plaintiff refused to sign the Conditions of Probation (JD-AP-110) of 1-page identified as Exhibit-"A".

-22-

36. Therefore, the plaintiff alleges that such searches with a proper Superior Court order with probable cause requirements violates the plaintiff's federally protected rights under the Fourth Amendment of the United States Constitution. The plaintiff seeks this federal court to strike down the document's Section #12 as unconstitutional and unenforceable.

Count-Two: Against Each and Every Defendant In Their Official Capacities

37. The plaintiff realleges and incorporates by reference Paragraphs-1 through 36 above.

38. The Court Ordered Special Conditions (Exhibit - "B") document, and as described in Paragraph-17 above, was never signed by the plaintiff, nor approved by the Connecticut General Statute, and/or Connecticut Superior Court judge during the plaintiff's sentencing stage on June 18, 1998, which would of provided the plaintiff the opportunity to challenge it on

direct appear within the state and federal courts.

39. Therefore, the plaintiff invokes that any and all Court Ordered Special Conditions described within that document violates the plaintiff's federally protected rights under the Fifth and Fourteenth Amendment of the United States Constitution. The plaintiff seeks this court to strike down the document as unconstitutional and unenforceable.

Count - Three: Against Each and Every Defendant In Their Official Capacities

40. The plaintiff realleges and incorporates by reference Paragraphs - 1 through 39 above.

41. The Probation Officer Ordered Special Conditions (Exhibit - "C") document, and as described in Paragraph - 18 above, was never signed by the plaintiff, nor approved by the Connecticut General Statute and/or Connecticut Superior Court

-24-

judge during the plaintiff's sentencing stage on June 18, 1998, which would of provided the plaintiff the opportunity to challenge it on direct appeal within the state and federal courts. Additionally, the document contains threats of unconstitutional reprisals to the plaintiff's federally protected rights to liberty and freedom; whereas the plaintiff is being threaten with unconstitutional retaliation and wrongful/false imprisonment under the pretext of "Violation of Probation (VOP)"

42. Therefore, the plaintiff invokes that any and all probation conditions described within this document, Exhibit "C", violates the plaintiff's federally protected rights under the Fifth and Fourteenth Amendment of the United States Constitution. The plaintiff seeks this court to strike down this document as unconstitutional and unenforceable.

Count-Four: Against Each and Every
                Defendant In Their Official
        Capacities

43. The plaintiff realleges and incorporates
by reference Paragraph -1 through 42 above.

44. The Sex Offender Conditions of
Probation (JD-CR-731) (CGS., Sec-53a-30)
(Exhibit-"D") document, and as described in
Paragraph - 19 and 20 above, was never signed
by the plaintiff, nor presented to the
plaintiff's sentencing stage on June 18, 1998,
which would of provided the plaintiff the
opportunity to challenge it on direct appeal
within the state, and federal courts. Additionally,
the document contains probation conditions that
violates the plaintiff's federally protected
rights under the First, Fourth, Fifth and
Fourteenth Amendment of the United States
Constitution, including, but not limited to, the
violation of customary international human rights
laws and treaties. A more detailed-specific
legal claim of violations of the United States
Constitution, and international human rights laws

and treaties, will be provided to the court and defendants upon the plaintiff's filing of his immediate forthcoming First Amended Complaint. Therefore, the plaintiff alleges that any and all probation conditions described within this document, Exhibit – "D", violates the plaintiff's federally and internationally protected rights as described above. The plaintiff seeks this court to strike down this Exhibit-D document as unconstitutional and unenforceable.

45. Furthermore, the plaintiff is required by international human rights laws and treaties to execute official notice within this instant civil action, upon the judiciary of the United States Government of his intent to initiate a complaint with the United Nations Human Rights Commission for himself and other similar situated probationers, within the State of Connecticut, seeking political and economic sanctions to be surgically applied against the United States' political subdivision – the State of Connecticut.

Count - Five: Against Each and Every
Defendant In Their Official
Capacities

46. The plaintiff realleges and incorporates
by reference Paragraph - 1 through 45 above.

47. The Computer Access Agreement
(JD-CR-143)(CGS, Sec. 53a-30(a)(17) and (b)),
(Exhibit - "E") document, and as described in
Paragraph - 21 and 22 above, was never signed
by the plaintiff, nor presented to the plaintiff's
sentencing stage on June 18, 1998, which would
of provided the plaintiff the opportunity to
challenge it on direct appeal within the state
and federal courts. Additionally, the document
contains probation conditions that violates the
plaintiff's federally protected rights under the
First, Fourth, Fifth and Fourteenth Amendment
of the United States Constitution, including, but
not limited to the violation of customary
international human rights laws and treaties.
A more detailed-specific legal claim of violations
of the United States Constitution, and international
human rights laws and treaties, will be provided

to the court and defendants upon the plaintiff's filing of his immediate forthcoming First Amended Complaint. Therefore, the plaintiff alleges that any and all computer access conditions described within this document Exhibit - "E" violates the plaintiff's federally and internationally protected rights as described above. The plaintiff seeks this court to strike down this Exhibit - "E" document as unconstitutional and unenforceable.

48. Furthermore, the plaintiff is required by international human rights laws and treaties to execute official notice within this instant civil action, upon the judiciary of the United States Government of his intent to initiate a complaint with the United Nations Human Rights Commission for himself and other similar situated probationers, within the State of Connecticut, seeking political and economic sanctions to be surgically applied against the United States' political subdivision — the State of Connecticut.

Count - Six: Against Each and Every
                 Defendant In Their Official
                 Capacities

49. The plaintiff realleges and incorporates
by reference Paragraph - 1 through 48 above.

50. The State of Connecticut - Department
of Public Safety Sex Offender Advisement of
Registration Requirements (Exhibit - "F")
document, and as described in Paragraph - 23
above, was never signed by the plaintiff.
Additionally, the document contains registration
requirements and/or conditions that are in
violation of customary international human
rights laws and treaties. A more detail-specific
claim of violations of international human rights
laws and treaties will be provided to the
United Nations Human Rights Commission (UNHRC)
seeking political and economic sanctions to be
surgically target the United States political
subdivision - the State of Connecticut. Any
and all United States' judiciary remedies of
exhaustion involving registration requirements
have been completed as published by the

United States Supreme Court. Therefore, the plaintiff is authorized by international law to bypass the U.S. federal courts and present his complaint to the UNHRC for action and relief as described above.

Count-Seven: Against Each and Every Defendant In Their Official Capacities

51. The plaintiff realleges and incorporates by reference Paragraph-1 through 50 above.

52. The Authorization To Obtain and/or Disclose Protected Health Information (CN-4401/1) - Connecticut Department of Correction (Exhibit-"G") document, and as described in Paragraph-24 above, was never signed by the plaintiff. The plaintiff refuses to sign such a document on the grounds that the release of medical and/or mental health records to the defendants and/or any other individuals or public/private entities is a violation of the plaintiff's mandatory privacy protection rights

under state and federal regulations, statutes, and the rights to privacy under the Fourteenth Amendment to the United States Constitution.

Count - Eight : Against Each and Every Defendant In Their Official Capacities

53. The plaintiff realleges and incorporates by reference Paragraph - 1 through 52 above.

54. The Adult Substance Use Survey (Revised) ASUS-R by Kenneth W. Wanberg, Author (Questionaire) (Exhibit - "H") document, as described in Paragraph - 25 above, was rejected by the plaintiff, and the plaintiff invokes his rights not to incriminate himself under the Fifth Amendment and invokes his rights to privacy under the Fourteenth Amendment both under the United States Constitution.

Count - Nine: Against Each and Every
Defendant In Their Official
Capacities

55. The plaintiff realleges and incorporates
by reference Paragraph - 1 through 54 above.

56. The What I Want To Work On
Questionaire (Assessment, Case Plan, Referral and
Case Management Services (4.57), State of
Connecticut - Judicial Branch, Court Support
Services Division) (Exhibit "I") document,
as described in Paragraph - 26 above, was
rejected by the plaintiff, and the plaintiff
invokes his rights not to incriminate himself
under the Fifth Amendment and invokes his rights
to privacy under the Fourteenth Amendment
both under the United States Constitution.

Count Ten: Against Each and Every
Defendant In Their Official
Capacities

57. The plaintiff realleges and incorporates

by reference Paragraph -1 through 56 above.

58. The specific allegations described in Paragraph -27 through 32 above, whereas the plaintiff was threaten by the defendent, GRELLA, on June 6, 2022, that he, TORRES, will complete his full maximum prison sentence on June 15, 2022 and placed on probation supervision for 35-years, that he was going to be transported, under custody, to the "January Center" in Uncasville, Connecticut - a sex offender private evaluation facility, and held there for a period of two-months to six-months to determine the security level of probation supervision that should be imposed upon the plaintiff, and when the plaintiff objected on constitutional and international human rights laws and treaties, of such transportation and detention at such a facility against his free will, and then threaten by GRELLA that he will be in Violation of Probation (VOP) if he did not cooperate and immediately imprison if he refused to be transported to the "January Center" and held in that private facility - the plaintiff, under

34

duress of being imprisoned cooperated as a direct result of those threats by GRELLA to be transported and detained at the January Center.

59. At no time is the plaintiff providing express consent or authorization to the defendants that he be criminally kidnapped to the January Center under threat of being VOP if he did not cooperate with the kidnapping of his body and person. The actions of GRELLA was a criminal offense, unconstitutional in violation of the Fifth and Fourteenth Amendment under the United States Constitution, and a violation of customary international human rights laws and treaties.

## VI. PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully seeks that this court enter judgment granting plaintiff:

-35-

60. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States, and violated international human rights laws and treaties.

61. A preliminary and permanent injunction enjoining the defendants, the OFFICE OF ADULT PROBATION, COURT SUPPORT SERVICES DIVISION (CSSD), CONNECTICUT SUPERIOR COURT, STATE OF CONNECTICUT; the OFFICE OF THE CHIEF COURT ADMINISTRATOR, SUPREME COURT BUILDING, STATE OF CONNECTICUT; and NICOLE GRELLA, Probation Office Supervisor, CSSD, Office of Adult Probation from:

a. Searching the plaintiff's person, possessions, vehicles or residences, unless they present written probable cause application of a crime committed by the plaintiff to the Connecticut Superior Court judge authorized by state law and statutes to issue such probable cause search warrants;

b. Enforcing the Court Ordered Special Conditions (Exhibit-"B") upon the plaintiff;

c. Enforcing the Probation Officer Ordered Special Conditions (Exhibit-"C") upon the plaintiff;

d. Enforcing the Sex Offender Conditions of Probation (Exhibit-"D") upon the plaintiff;

e. Enforcing the conditions of the Computer Access Agreement (Exhibit-"E") upon the plaintiff;

f. Enforcing the requirements of the State of Connecticut-Department of Public Safety Sex Offender Advisement of Registration Requirements (Exhibit-"F") upon the plaintiff;

g. Enforcing the Authorization to Obtain and/or Disclose Protected Health Information (Exhibit-"G") pertaining to the plaintiff;

h. Enforcing the Adult Substance Use Survey (Revised) ASUS-R questionaire (Exhibit - "H");

i. Enforcing the "What I Want To Work On Questionaire" (Exhibit - "I") upon the plaintiff; and

j. Transporting and/or detaining the plaintiff in the January Center in Uncasville, Connecticut, including any other location, against his free will, under duress and/or under threat of penalty of Violation of Probation (VOP).

## VII. MISCELLANY RELIEF

62. Plaintiff's cost in this suit.

63. Any additional relief this court deems just, proper, and equitable.

Dated: June 13, 2022

Respectfully submitted,

Anthony Torres #246027
(Pro Se Plaintiff)
MacDougall-Walker Correctional
Institution
1153 East Street, South
Suffield, CT 06080

CERTIFICATION OF MAILING: This Complaint was entrusted in the hands and mailed by CTO-Altaz, M-Pod, MacDougall Correctional Institution, Suffield, Connecticut on this 13 day of June 2022, addressed to the Office of the Clerk, United States District Court, 141 Church Street, New Haven, CT 06510 certify the court filing date as June 13, 2022.

Anthony Torres #246027
(Pro Se Plaintiff)

-39-