UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------X
                              :
ANTHONY TORRES                :    Civil No. 3:22CV00883(SALM)
                              :
v.                            :
                              :
STATE OF CONNECTICUT OFFICE OF:
ADULT PROBATION; STATE OF     :
CONNECTICUT OFFICE OF THE     :
CHIEF CLERK ADMINISTRATOR;    :
THE CONNECTION, INC.; NICOLE  :
GRELLA; COURTNEY RING;        :
CAITLIN HIRSCH; MICHAEL       :
SULLIVAN; SARAH RICHARDSON;   :
MARY E. ROPER; BRIANNA        :
WISNIEWSKI; and PHILLIP SCHUFF:    May 4, 2023
                              :
------------------------------X
```

**INITIAL REVIEW ORDER OF THIRD AMENDED COMPLAINT [Doc. #66]**

Plaintiff Anthony Torres ("plaintiff") originally brought this action in forma pauperis as a self-represented party. See Docs. #1, #11. He is now represented by pro bono counsel. Plaintiff, through counsel, filed an Amended Complaint asserting claims pursuant to 42 U.S.C. §1983 against the following defendants: State of Connecticut Office of Adult Probation ("CT Probation"); State of Connecticut Office of the Chief Clerk Administrator ("CCCA"); The Connection, Inc.; Nicole Grella ("Grella"); Courtney Ring ("Ring"); Caitlin Hirsch ("Hirsch"); Michael Sullivan ("Sullivan"); and John Does 1-25. See Doc. #46.

On January 19, 2023, the Court issued an Initial Review

Order of the Amended Complaint ("original IRO"). See Doc. #47.[1]
The original IRO construed the Amended Complaint as asserting
claims under the Eighth and Fourteenth Amendments, both brought
pursuant to 42 U.S.C. §1983. See id. at 8-9.

The original IRO permitted plaintiff to proceed to service
of process on his claims for (1) an Eighth Amendment violation
against The Connection, and Grella, Sullivan, Hirsch, and Ring,
in their individual capacities for money damages; and (2) a
Fourteenth Amendment due process violation against Grella and
Sullivan in their individual capacities for money damages. See
id. at 22. The original IRO also permitted plaintiff to proceed
on his claims for injunctive and declaratory relief against The
Connection, and against defendants Grella, Sullivan, Hirsch, and
Ring in their official capacities. See id. at 23. The original
IRO dismissed all claims asserted against CT Probation and CCCA,
with prejudice. See id. at 10-11, 22. The original IRO also
dismissed, with prejudice, all claims asserted against the
individual defendants in their official capacities for money

---

[1] Because plaintiff proceeds in forma pauperis, see Doc. #11, the
Court applied 28 U.S.C. §1915 to the initial review of the
Amended Complaint and the Second Amended Complaint. See Doc. #47
at 2 n.2; Doc. #62 at 2 n.1. However, as discussed further
below, because plaintiff has been remanded to the custody of the
Connecticut Department of Correction ("DOC"), the court applies
28 U.S.C. §1915A to the initial review of the Third Amended
Complaint.

damages, and all claims for injunctive relief asserted against defendants in their individual capacities. See Doc. #47 at 23. The original IRO dismissed all claims against the John Doe defendants without prejudice for lack of personal involvement. See id.

The Court ordered that plaintiff could respond to the original IRO by (1) proceeding immediately to service on The Connection, Grella, Sullivan, Hirsch, and Ring, on the claims permitted to proceed by the original IRO, or (2) filing a Second Amended Complaint. See id. at 23-24.

Plaintiff filed a Second Amended Complaint (sometimes referred to as the "SAC") on February 21, 2023. See Doc. #56. The SAC named nine defendants: The Connection; Grella; Ring; Hirsch; Sullivan; Sarah Richardson ("Richardson"); Mary E. Roper ("Roper"); Brianna Wisniewski ("Wisniewski"); and John Does 1-25. See id. at 1-3. The SAC asserted six claims pursuant to 42 U.S.C. §1983 against all defendants: (1) an Eighth Amendment violation related to plaintiff's continued confinement at the January Center, see id. at 16-17; (2) a Fourteenth Amendment due process violation related to the deprivation of plaintiff's "liberty," id. at 17, ¶95; (3) a Fourteenth Amendment due process violation related to plaintiff's "conditions of release imposed by Defendants," id. at 18, ¶99; (4) "a violation of

[plaintiff's] federally protected civil rights as set forth in 42 U.S.C. §1983" related to plaintiff's "continued confinement" and "the constant threat of a charge of [violation of probation] and re-arrest," id. at 18, ¶102; (5) a violation of plaintiff's "rights to privacy" in his confidential medical records, id. at 19, ¶104; and (6) conspiracy to violate plaintiff's civil rights, see id. at 19, ¶107. The individual defendants were named solely in their individual capacities. See id. at 3, ¶12.

On March 13, 2023, the Court issued an IRO of the SAC. See Doc. #62. The IRO of the SAC permitted the Second Amended Complaint to proceed on the following claims: (1) the Eighth Amendment violation against The Connection, and against defendants Grella, Sullivan, Hirsch, Ring, Richardson, and Wisniewski in their individual capacities for money damages; (2) the Fourteenth Amendment due process violation related to plaintiff's continued confinement against The Connection, and against defendants Grella, Sullivan, Hirsch, Ring, Richardson, and Wisniewski in their individual capacities for money damages; and (3) the Fourteenth Amendment due process violation related to plaintiff's conditions of probation against defendants Grella and Sullivan in their individual capacities for money damages. See id. at 21-22. The IRO of the SAC also permitted plaintiff's request for injunctive relief against The Connection to proceed.

See id. at 22.

The IRO of the SAC dismissed, with prejudice, all claims for declaratory or injunctive relief against defendants in their individual capacities. See Doc. #62 at 22. The IRO of the SAC dismissed, without prejudice, all claims asserted against Roper and the John Doe defendants; plaintiff's claim for declaratory relief against The Connection; and the claims asserting invasion of privacy, conspiracy, and "violation of plaintiff's federal protected civil rights[.]" Id. at 22-13.

The Court ordered that plaintiff could respond to the IRO of the SAC by (1) proceeding immediately to service on The Connection, Grella, Sullivan, Hirsch, Ring, Richardson, and Wisniewski on the claims permitted to proceed by the IRO of the SAC, or (2) filing a Third Amended Complaint. See id. at 23-24.

Plaintiff filed a Third Amended Complaint ("TAC") on April 3, 2023. See Doc. #66. The TAC names eleven defendants: CT Probation; CCCA; The Connection; Grella; Ring; Hirsch; Sullivan; Richardson; Roper; Wisniewski; and Phillip Schuff ("Schuff").[2] See id. at 1, 3-5. "The claims against the individual defendants are being asserted against them in their individual capacities[,]" except for plaintiff's "requests for injunctive

---

[2] Schuff "is employed by CT Probation or CCCA." Doc. #66 at 4, ¶12.

and declarative relief[,]" which are being asserted against "the individual defendants in their official capacities." Id. at 4-5, ¶13. CT Probation and CCCA are named in the TAC "only for the purposes of perfecting and being bound by the injunctive relief [plaintiff] seeks ... in Paragraphs (c) ad (d) of the Demand for Relief." Id. at 3, ¶¶2-3.

The TAC asserts six counts, and seeks damages, as well as injunctive and declaratory relief. See id. at 20-24.[3]

## I.   **LEGAL STANDARD**

Pursuant to 28 U.S.C. §1915A, the Court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). The Court is directed to dismiss any portion of the operative complaint that fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b). In a case such as this one, "[a] district court retains the authority — and indeed the duty — to sua sponte review the pleading sufficiency of [an] amended complaint." Praileau v. Fischer, 930 F. Supp. 2d 383, 389

---

[3] Exhibits attached the TAC include, inter alia, various documents related to the conditions of, or the purported conditions of, plaintiff's probation. See Doc. #66-1 through Doc. #66-10.

(N.D.N.Y. 2013).

    Although detailed allegations are not required, a complaint
must include sufficient facts to afford a defendant fair notice
of the claims and to demonstrate a right to relief. See Bell
Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff
must plead "enough facts to state a claim to relief that is
plausible on its face." Id. at 570. Conclusory allegations are
not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## II.  **ALLEGATIONS OF THE TAC**

    The factual allegations in the TAC largely reiterate those
pled in the Second Amended Complaint. Compare Doc. #56, with
Doc. #66. However, there has been one significant development
since plaintiff filed the Second Amended Complaint; plaintiff is
no longer confined to the January Center. One would think this
is a positive development. It is not. Since March 31, 2023,
plaintiff has been incarcerated at the Corrigan-Radgowski
Correctional Institution ("Corrigan").[4] See Doc. #66 at 2.

––––––––––––––––––

[4] The Court may take judicial notice of matters of public record.
See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir.
2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D.
Conn. 2020) (taking judicial notice of BOP inmate location
information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386
(E.D.N.Y. 2002) (taking judicial notice of state prison website
inmate location information). The Court takes judicial notice of
the Connecticut DOC website, which reflects that plaintiff was
last admitted to the DOC's custody on March 31, 2023, on a
violation of probation, and is currently housed at Corrigan. See
http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=2

Plaintiff's transfer to Corrigan occurred after defendant
Sullivan and an unidentified probation officer arrested
plaintiff for "an unspecified claim of violation of probation"
after which plaintiff was "immediately brought ... to prison."
Doc. #66 at 2.

The allegations of the TAC suggest that plaintiff's arrest
occurred after plaintiff refused to sign a document relating to
the placement of a "GPS tracking device" on plaintiff. Id.
Plaintiff alleges that although he refused to sign the document,
he did not resist the GPS placement. See id.; see also id. at
19-20, ¶¶85-87.

The Court otherwise assumes familiarity with the factual
allegations of this matter and does not restate the factual
allegations of the TAC herein, except as necessary to the
Court's analysis. For purposes of this review, the Court assumes
the well-pleaded factual allegations set forth in the TAC to be
true and draws all reasonable inferences in plaintiff's favor.
See Iqbal, 556 U.S. at 678-79.

III. **DISCUSSION**

The TAC asserts six claims: (1) an Eighth Amendment
violation against all defendants related to plaintiff's
confinement at the January Center (Count I), see Doc. #66 at 20-

---

46027 (last visited May 3, 2023).

21; (2) a Fourteenth Amendment due process violation against all defendants related to the deprivation of plaintiff's liberty (Count II), id. at 21; (3) a Fourteenth Amendment procedural due process violation against defendants Grella, Sullivan, and Schuff related to plaintiff's "conditions of release" (Count III), id. at 22, ¶106; (4) a violation of plaintiff's "rights to privacy" in his confidential medical records against The Connection and Hirsch (Count IV), id. at 22, ¶109; (5) conspiracy to violate plaintiff's civil rights (Count V), see id. at 23, ¶114; and (6) intentional infliction of emotional distress against all defendants, see id. at 23, ¶117.

The allegations of the TAC again focus on the assertion that plaintiff's conditions of probation have subjected him "to an involuntary confinement" such that he "has been held against his free will[]" while at the January Center. Id. at 8, ¶33. However, the TAC also challenges the conditions of probation more generally. See, e.g., id. at 7-8, ¶¶28-29; id. at 18, ¶81 ("Imposing additional conditions long after his sentencing and in a way that is, as is the case with Torres, inconsistent with the actual conditions imposed by the Superior Court, constitutes an improper ex post facto punishment."); id. at 18-20, ¶¶82-89.

A.   The State Agency Defendants

Plaintiff names CT Probation and CCCA as defendants in the TAC "only for the purposes of perfecting and being bound by the injunctive relief [plaintiff] seeks ... in Paragraphs (c) and (d) of the Demand for Relief." Doc. #66 at 3, ¶¶2-3. For the reasons stated in the original IRO, the Eleventh Amendment bars plaintiff's claims for injunctive and declaratory relief against the state agency defendants. See Doc. #47 at 10-11.

To reiterate:

> [T]he Eleventh Amendment of the United States Constitution renders "an unconsenting State [ ] immune from suits brought in federal courts by her own citizens as well as by citizens of another state" and "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. ... This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

Off. of Consumer Couns. v. S. New Eng. Tel. Co., 502 F. Supp. 2d 277, 291 (D. Conn. 2007) (emphasis removed). Although plaintiff seeks prospective injunctive relief against the state agency defendants, the doctrine of Ex Parte Young, 209 U.S. 123 (1908), does not save those claims. "Young only permits claims for [injunctive] relief advanced against state officials, but not against states themselves or their agencies." Off. of Consumer Couns., 502 F. Supp. 2d at 291; see also Santiago v. N.Y. State Dep't of Corr. Servs., 945 F.2d 25, 32 (2d Cir. 1991) ("[A]

plaintiff seeking prospective relief from the state must name as defendant a state official rather than the state or a state agency directly, even though in reality the suit is against the state and any funds required to be expended by an award of prospective relief will come from the state's treasury.").

Accordingly, all claims for injunctive and declaratory relief against CT Probation and CCCA are **DISMISSED, with prejudice.**

B.    <u>The Connection</u>

The TAC names as a defendant The Connection, which "owns and operates" the January Center. Doc. #66 at 3, ¶4. For reasons stated in the original IRO, the TAC (like the Second Amended Complaint) "adequately allege[s] that The Connection, and its employees at the January Center, are state actors for purposes of this action." Doc. #47 at 17-18; <u>see also</u> Doc. #62 at 9-10.

The TAC alleges that The Connection, through the January Center, maintains official policies that have led to plaintiff's unlawful confinement. Accordingly, at this stage of the proceedings, and as further discussed below, the Court will permit the Eighth Amendment claim and Fourteenth Amendment procedural due process claim related to plaintiff's unlawful confinement to proceed against The Connection for further development of the record. All other claims asserted against The

Connection pursuant to 42 U.S.C. §1983 are **DISMISSED, with prejudice.**

    C.   Eighth Amendment Violation (Count I)

    Like the Amended Complaint and Second Amended Complaint, Count I of the TAC alleges that defendants, until plaintiff's arrest on March 31, 2023, kept plaintiff "confined without legal authority" after the end of his legally-authorized term of incarceration. Doc. #66 at 20, ¶94. The law relevant to the Eighth Amendment claim is set forth in the original IRO, and will not be repeated here. See Doc. #47 at 18-20.

    For reasons stated in the original IRO and the IRO of the SAC, the Court will permit this claim to proceed for further development of the record against The Connection and against defendants Grella, Sullivan, Hirsch, Ring, Richardson, and Wisniewski in their individual capacities for damages. See Doc. #47 at 20; Doc. #62 at 10-11.[5]

---

[5] As set forth in the original IRO, because of the uncertainty of plaintiff's confinement status while housed at the January Center, the Fourth or Fourteenth Amendment could plausibly apply to plaintiff's allegations regarding the conditions of confinement. The law applicable to claims brought pursuant to those amendments is even more generous than that applicable to Eighth Amendment claims. Thus, even if the Eighth Amendment was not applicable because plaintiff was no longer subject to a legal term of incarceration while housed at the January Center, the Court would nevertheless permit this claim to proceed under the Fourth or Fourteenth Amendment.

Based on the additional allegations of the TAC, the Court
will also permit the Eighth Amendment claim to proceed for
further development against Roper and Schuff in their individual
capacities for damages. See, e.g., Doc. #66 at 16, ¶70; id. at
9, ¶37.

D.   Procedural Due Process Violation – Continued
     Confinement (Count II)

Count II of the TAC asserts that defendants have deprived
plaintiff of his right to liberty without due process of law in
violation of the Fourteenth Amendment. See Doc. #66 at 21. The
law relevant to this claim is set forth in the IRO of the SAC,
and will not be repeated here. See Doc. #62 at 11-12.

At this early stage, the Court will permit the procedural
due process claim to proceed for further development against The
Connection and against defendants Grella, Ring, Hirsch,
Sullivan, Richardson, Wisniewski, Roper, and Schuff in their
individual capacities for damages.

E.   Procedural Due Process Violation – Conditions of
     Release (Count III)

Count III of the TAC asserts: "The conditions of release
imposed against Torres violate Torres' procedural Constitutional
due process rights." Doc. #66 at 22, ¶106. Plaintiff asserts
this claim against Grella, Sullivan, and Schuff, each of whom is
alleged to be an employee of CT Probation or CCCA. See id. at 4,

13

22, ¶107. The Court construes this claim as asserting a
procedural due process violation against these three defendants.

"A procedural due process claim is composed of two
elements: (1) the existence of a property or liberty interest
that was deprived and (2) deprivation of that interest without
due process." Bryant v. N.Y. State Educ. Dep't, 692 F.3d 202,
218 (2d Cir. 2012). Like the prior amended complaints, the TAC
alleges facts sufficient to state a procedural due process claim
against defendants Grella and Sullivan, and now defendant
Schuff, in their individual capacities for damages, and will be
permitted to proceed for further development of the record.[6]

F.   Violation of Privacy (Count IV)

Count IV of the TAC asserts: "By obtaining confidential
medical records about Torres without proper authorization,
Connection and Hirsch have violated Torres rights to privacy in
violation of 42 U.S.C. §1983 et seq." Doc. #66 at 22, ¶109
(sic). This claim appears to be based on the lone allegation
that "[d]efendants obtained and shared confidential medical

---

[6] In the IRO of the SAC, the Court discussed at some length its
concerns regarding plaintiff's conditions of probation,
including those that "raise more than just due process
concerns." Doc. #62 at 13; see also id. at 13-15. The Court
adopts that discussion and reiterates its concerns regarding the
potential implications of the conditions of probation on
plaintiff's First Amendment rights. See id. at 13-15. The Court
notes, however, that plaintiff has not asserted a First
Amendment claim related to his conditions of probation.

records about Torres without obtaining proper authorization from him." Id. at 8, ¶32. The Second Amended Complaint asserted this same claim based on the same factual allegation. See Doc. #56 at 6, ¶32; id. at 19, ¶104. The IRO of the SAC construed that "claim as asserting a substantive due process violation against The Connection and Hirsch." Doc. #62 at 16. The law relevant to this claim is set forth in the IRO of the SAC, and will not be repeated here. See id. at 16-17.

The IRO of the SAC dismissed, without prejudice, plaintiff's invasion of privacy claim because the Second Amended Complaint failed to "describe the nature of the medical information that plaintiff wished to keep confidential or the circumstances under which his medical information was obtained and/or disclosed." Id. at 17. The Court was therefore unable to discern "[t]he strength of plaintiff's privacy interest[]" in the records "and whether there was a legitimate purpose for obtaining and/or disclosing" that information. Id.

The allegations of the TAC fail to rectify these deficiencies, and are identical to those in the Second Amended Complaint. Thus, like the allegations of the Second Amended Complaint, the allegations of the TAC "are insufficient to establish that [plaintiff's] privacy interest in his medical records outweighs any governmental interest." Id. at 17-18.

15

Accordingly, the TAC fails to state a claim for a substantive due process violation related to plaintiff's right to privacy in his medical records, and this claim (Count IV) is therefore **DISMISSED.** Because plaintiff has had an opportunity to remedy this deficiency, the dismissal is **with prejudice.**

      G.   Conspiracy (Count V)

      Count V of the TAC asserts: "Defendants conspired together to violate Torres' Constitutional and civil rights." Doc. #66 at 23, ¶114. The Second Amended Complaint also brought a claim for conspiracy, see Doc. #56 at 19, ¶107, which the IRO of the SAC dismissed, without prejudice, because the Second Amended Complaint "fail[ed] to allege any nonconclusory facts establishing either the existence of a conspiracy or a meeting of the minds necessary to support such a claim." Doc. #62 at 19. The TAC now includes the following allegation:

> Without formal discovery, Torres is unable to identify specific meetings and conversations each defendant had in which they way Torres would be treated took place; however, the totality of the circumstances creates a logical inference that such communications did occur and that those private communications were used to develop and confirm the way January Center would house Torres and the manner by which he would be able to live after his confinement ends.

Doc. #66 at 22, ¶112. Essentially, plaintiff appears to contend that "drawing all reasonable inferences in [his] favor[,]" the

TAC sufficiently alleges a claim for conspiracy. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

To state a claim for a section 1983 conspiracy, plaintiff "must allege (1) an agreement ...; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002); accord Anemone v. Metro. Transp. Auth., 419 F. Supp. 2d 602, 604 (S.D.N.Y. 2006) ("A civil rights conspiracy requires an agreement between two or more actors to inflict an unconstitutional injury."). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed[.]" Ciambriello, 292 F.3d at 325 (citation and quotation marks omitted).

"A Section 1983 conspiracy claim is distinct from one of joint action." Betts v. Shearman, 751 F.3d 78, 84 n.1 (2d Cir. 2014). Even drawing all reasonable inferences in plaintiff's favor, the "diffuse and expansive allegations are insufficient[.]" Ciambriello, 292 F.3d at 325 (citation and quotation marks omitted). In sum, plaintiff has "failed to specify in detail the factual basis necessary to enable

17

defendants intelligently to prepare their defense" as to the conspiracy claim. Id.

Accordingly, plaintiff's claim for conspiracy (Count V) is **DISMISSED.** Because plaintiff has had an opportunity to remedy the above-identified deficiencies, the dismissal is **with prejudice.**

### H.   Intentional Infliction of Emotional Distress (Count VI)

Count VI of the TAC asserts, for the first time, a claim for intentional infliction of emotional distress ("IIED") against all defendants. See Doc. #66 at 23.

To state a claim for IIED, plaintiff must allege

four elements: (1) that the defendant intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.

Craig v. Yale Univ. Sch. of Med., 838 F. Supp. 2d 4, 9 (D. Conn. 2011). The Connecticut Supreme Court has described "extreme and outrageous" as that which "exceeds all bounds usually tolerated by decent society." Carrol v. Allstate Ins. Co., 815 A.2d 119, 126 (Conn. 2003) (citation and quotation marks omitted).

Construing the allegations of the TAC in plaintiff's favor, plaintiff alleges that defendants engaged in efforts to: (1)

prolong plaintiff's confinement following the conclusion of his
legal term of incarceration; (2) coerce plaintiff's agreement to
conditions of probation that were not imposed by the sentencing
court; and (3) force plaintiff's confession of guilt to the
underlying crimes. Based on these allegations, the Court will
permit the IIED claim to proceed for further development against
the individual defendants for damages.

Several of the defendants, including Ring, Hirsch,
Richardson, Roper, and Wisniewski are employees of The
Connection. See Doc. #66 at 3-4, at ¶4; see also id. at 6-7, 9-
11. The allegations of the TAC reasonably suggest that these
defendants engaged in the IIED "within the scope of [their]
responsibilities and in furtherance of the employer's business."
Kilduff v. Cosential, Inc., 289 F. Supp. 2d 12, 19 (D. Conn.
2003). Accordingly, the Court will also permit plaintiff's IIED
claim against The Connection to proceed for further development.
See id. ("An employer may not be held liable for the intentional
torts of its employees unless such torts occur within the scope
of the employees' responsibilities and in furtherance of the
employer's business.").

19

I.    Injunctive and Declaratory Relief

Plaintiff seeks declaratory and injunctive relief. See Doc. #66 at 23, ¶¶c-e.

The Court will permit plaintiff's request for injunctive relief against The Connection and the individual defendants in their official capacities to proceed at this time. The Court will also permit plaintiff's request for declaratory relief to proceed against Grella, Sullivan, and Schuff in their official capacities.

In paragraph e. plaintiff requests: "An Order directing the destruction of all records and reports obtained or created by Defendants not be shared with any other person and be destroyed[.]" Id. at 24, ¶e. The TAC alleges that plaintiff's conditions of probation are subjecting him "to involuntary confinement" such that he "has been held against his free will[,]" id. at 8, ¶33, as well as other deprivations of liberty. Although plaintiff has pled a claim for invasion of privacy, that claim has now been dismissed. See Section III.F., supra. The request for injunctive relief contained in paragraph e. of the Demand for Relief does not appear to relate to the claims remaining in the TAC, and therefore is **DISMISSED**. See, e.g., Gulley v. Mulligan, No. 3:18CV00858(SRU), 2020 WL 1139994, at *2 (D. Conn. Mar. 9, 2020) (denying request for injunctive

relief "because the remedy [plaintiff] seeks is not closely
related to the constitutional violation he asserts in this
case." (alteration added)).

## IV.   CONCLUSION AND ORDERS

Having accepted as true all allegations in the TAC, the
Court finds that this case may proceed to service of process on
the following claims: **(1)** the Eighth Amendment violation against
**The Connection, and against defendants Grella, Sullivan, Hirsch,
Ring, Richardson, Wisniewski, Roper, and Schuff** in their
individual capacities for money damages (Count I); **(2)** the
Fourteenth Amendment due process violation related to
plaintiff's continued confinement against **The Connection, and
against defendants Grella, Sullivan, Hirsch, Ring, Richardson,
Wisniewski, Roper, and Schuff** in their individual capacities for
money damages (Count II); **(3)** the Fourteenth Amendment due
process violation related to plaintiff's conditions of probation
against defendants **Grella, Sullivan, and Schuff** in their
individual capacities for money damages (Count III); and **(4)** the
IIED claim against **The Connection, and against defendants
Grella, Sullivan, Hirsch, Ring, Richardson, Wisniewski, Roper,
and Schuff** in their individual capacities for money damages
(Count VI).

The Court will permit plaintiff's request for injunctive
relief against The Connection, and against the individual

defendants in their official capacities as set forth in paragraph c. of the Demand for Relief, to proceed at this time.

The Court will permit plaintiff's request for declaratory relief against Grella, Sullivan, and Schuff in their official capacities as set forth in paragraph d. of the Demand for Relief to proceed at this time.

All claims against CT Probation and the CCCA are **DISMISSED, with prejudice.**

Because the Court has already afforded plaintiff an opportunity to amend the claims asserting violation of privacy and conspiracy, and warned that no further amendments would be permitted, these claims are **DISMISSED, with prejudice**. Likewise, plaintiff's claim for injunctive relief set forth in paragraph e. of the Demand for Relief is **DISMISSED, with prejudice.**

On or before **May 18, 2023**, plaintiff shall file a Notice on the docket setting forth the address where process may be served on The Connection and the individual defendants. Thereafter, because plaintiff proceeds in forma pauperis, the Court will direct the Clerk of the Court to mail a waiver of service of process request packet to each defendant or to arrange for service of process.

**Failure to file the Notice as directed may result in the dismissal of this case.**

It is so ordered at Bridgeport, Connecticut, this 4th day of May, 2023.

```
_____/s/_____
Hon. Sarah A. L. Merriam
United States Circuit Judge
Sitting by Designation
```